Filed 10/15/14  P. v. Bracy CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073967 |
| v. | (Super. Ct. No. CRF123717) |
| JOSHUA SHAWN BRACY, | |
| Defendant and Appellant. | |

A jury found defendant Joshua Shawn Bracy guilty of assault with a deadly weapon, and he pleaded no contest to misdemeanor possession of drug paraphernalia. The trial court denied defendant's requests to reduce his felony conviction for assault with a deadly weapon to a misdemeanor and to dismiss his prior strike conviction, and sentenced him to 14 years in prison.

1

Defendant now contends the trial court abused its discretion in (1) refusing to admit a recording of his 911 call reporting a possible burglary of his residence, (2) denying his request to reduce his felony conviction for assault with a deadly weapon to a misdemeanor, and (3) denying his request to dismiss his prior strike conviction.

Concluding that defendant's contentions lack merit, we will affirm the judgment.

BACKGROUND

Travis Wages was driving his nephew's Honda 600 motorcycle to work when he noticed a black sport utility vehicle (SUV) closely following him. The driver of the SUV (defendant) would approach within a couple of feet of the motorcycle, then back off and approach again. Wages tried to evade the SUV, but the SUV continued to follow him to his workplace. Wages slowed down to approximately five miles per hour to see what defendant wanted, but defendant was yelling at him, so Wages accelerated to get away; as he did, defendant cut in front of him and collided with Wages, knocking Wages off the roadway. Defendant approached Wages, screamed at him and accused him of stealing defendant's motorcycle.

Wages ran to his workplace and told his coworkers, David Veliz and Elmer Amen, about the collision. Veliz and Amen went to the scene of the collision where defendant told them he had "just nudged" Wages, and that he believed it was his motorcycle that had been stolen. Defendant subsequently apologized to Wages, saying he thought Wages was riding his motorcycle.

Defendant testified that while he was away from his house, he received a telephone call from an unidentified caller earlier that morning informing him that someone was on his property attempting to break into his house or steal his property. Defendant called 911 to report the suspected burglary. He did not mention his motorcycle during the call. After making the 911 call, defendant said he waited at a friend's house for about an hour for the sheriff to call with a report, then drove to another friend's house so they could go to a casino together.

2

Defendant testified that while he was driving to the casino, he noticed a motorcycle similar to his own, and thought perhaps the driver had stolen his motorcycle. He approached the motorcycle to identify it. Although defendant realized during the pursuit that the motorcycle was not his -- he conceded during cross-examination that the motorcycle Wages was driving was white and defendant's was black -- defendant nonetheless flashed his lights and honked his horn so defendant could tell the motorcycle driver why defendant was following so closely and to talk to the driver about the motorcycle. When the motorcycle driver slowed down, defendant drove ahead to pull over in front, but the motorcyclist ran into defendant's SUV.

The jury convicted defendant of assault with a deadly weapon. (Pen. Code, § 245, subd. (a)(1) -- count 1.)[1] In addition, defendant pleaded no contest to misdemeanor possession of controlled substance paraphernalia. (Health & Saf. Code, § 11364.1 -- count 2.) In bifurcated proceedings, the trial court found that defendant had a prior strike conviction (§ 667, subds. (c), (e)(1)), that the strike occurred within the previous five years (§ 667, subd. (a)(1)), and that he served four prior prison terms (§ 667.5, subd. (b)).

The trial court denied defendant's requests to reduce the felony assault with a deadly weapon conviction to a misdemeanor (§ 17, subd. (b)) and to dismiss the prior strike conviction allegation (§ 1385; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497). It sentenced defendant to 14 years in prison, consisting of six years for assault with a deadly weapon (double the middle term), 90 days concurrent for possession of controlled substance paraphernalia, five years consecutive for the prior strike, and three consecutive one-year terms for three of the prior prison terms (the fourth was stayed). The trial court also imposed various fines and fees and awarded defendant presentence credit.

---

[1] Undesignated statutory references are to the Penal Code.

DISCUSSION

I

Defendant contends the trial court abused its discretion and violated his constitutional rights by refusing to admit a recording of his 911 call reporting a possible burglary of his residence.

"A trial court may exclude evidence under Evidence Code section 352 if its probative value is substantially outweighed by the probability that admission will unduly consume time, create a substantial danger of undue prejudice, confuse the issues, or mislead the jury. [Citation.] Cumulative evidence may be excluded on this basis. [Citation.]" (*People v. Mincey* (1992) 2 Cal.4th 408, 439.) We review rulings pursuant to Evidence Code section 352 under the abuse of discretion standard (*People v. Hillhouse* (2002) 27 Cal.4th 469, 496), and reverse only if the trial court's ruling was " 'arbitrary, capricious or patently absurd' " and caused a " 'manifest miscarriage of justice.' " (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124.)

Defendant claims the 911 call was relevant to show that he reasonably believed his motorcycle may have been stolen. But even if his motorcycle had been stolen, and even if Wages had stolen it, that would not excuse or justify defendant's assault with a deadly weapon. While people have a right to defend and protect their property, they may not resort to self-help to retrieve it. (*Daluiso v. Boone* (1969) 71 Cal.2d 484, 500 [" '[O]ne who is or believes he is injured or deprived of what he is lawfully entitled to must apply to the state for help. Self-help is in conflict with the very idea of the social order. It subjects the weaker to risk of the arbitrary will or mistaken belief of the stronger. Hence the law in general forbids it.' "].) Moreover, even if defendant had a good faith belief in his claim of right to the motorcycle, that would not negate his felonious intent in assaulting Wages. (Cf. *People v. Tufunga* (1999) 21 Cal.4th 935, 938 [recognizing "claim-of-right" defense to negate felonious intent necessary for conviction of theft or

4

robbery].)  Thus, the 911 call would have limited probative value, at best providing context for defendant's state of mind when he initiated the pursuit of Wages.

In addition, the 911 call was cumulative of at least two other witnesses who testified that defendant said he believed the motorcycle was his and had been stolen. Accordingly, the trial court did not abuse its discretion in excluding the 911 call.

Moreover, contrary to defendant's assertion, the trial court's exclusion of the 911 recording and transcript did not violate defendant's right to due process of law, deprive him of his right to a fair trial, or prevent him from presenting a defense.  In addition to his own testimony about the 911 call and the incident, the defense elicited testimony from other witnesses that defendant believed the motorcycle was his.  The defense also obtained testimony from the victim that permitted a jury to conclude the collision was merely an accident.

The proper standard of review is that enunciated in *People v. Watson* (1956) 46 Cal.2d 818, 836.  (*People v. Fudge* (1994) 7 Cal.4th 1075, 1102-1103.)  We agree with the Attorney General that even if there was error, it was not prejudicial.  In light of the compelling evidence against defendant, it was not reasonably probable that the verdict would have been more favorable to the defense had the trial court admitted the 911 recording or transcript in which defendant reported a concern that his house may have been burglarized.

## II

Defendant next claims the trial court abused its discretion by denying his request to reduce his felony conviction for assault with a deadly weapon to a misdemeanor.

The trial court possesses broad discretion in deciding whether to reduce a felony to a misdemeanor under section 17, subdivision (b).  In exercising its discretion in this regard, a court should consider " 'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.' "  (*People v. Superior Court*

5

(*Alvarez*) (1997) 14 Cal.4th 968, 977-978.) In addition, the trial court must take into account the defendant's criminal past and public safety. (*Id*. at pp. 981-982.) In reviewing a trial court's exercise of its discretion, we are bound by an "extremely deferential and restrained standard." (*Id.* at p. 981.) Absent a showing that the sentencing decision was irrational or arbitrary, we presume the trial court acted to achieve legitimate sentencing objectives, and we will not set aside the trial court's discretionary determination to impose a particular sentence. (*Id*. at pp. 977-978.)

Here, defendant chased the comparatively vulnerable motorcyclist with an SUV, pursued him for more than a mile at excessive speeds and at an unsafe distance, and caused a collision by pulling in front of him. Although defendant apologized to the victim, he maintained he was not responsible. Additionally, defendant had numerous prior convictions and had been in and out of prison for nearly 20 years on a variety of offenses including multiple convictions for possession, sale and transportation of controlled substances, possession of firearms, auto theft, and rape of an unconscious female. Based on these facts, the trial court's refusal to reduce defendant's conviction for assault with a deadly weapon to a misdemeanor was not irrational or arbitrary. The trial court did not abuse its discretion in denying defendant's request.

### III

Defendant further contends the trial court abused its discretion by denying his request to dismiss his prior strike conviction.

A trial court may dismiss a felony conviction for purposes of sentencing when the defendant falls outside the spirit of the three strikes law. (*People v. Williams* (1998) 17 Cal.4th 148, 161.) The trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent

6

felonies." (*Ibid*.)  Reversal is justified if the trial court did not know of its discretion or applied improper factors.  (*People v. Carmony* (2004) 33 Cal.4th 367, 378.)  But where the trial court knew of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling.' " (*Ibid*.)

Here, the trial court found that defendant had 10 prior felony convictions over the course of the previous 20 years, that he had never completed parole or probation without violating it, that his last prison term ended in 2008, that he had violated parole since then, and that he had been released from parole within two years of the commission of the charged offense.  On this record, the trial court did not abuse its discretion in denying the request to dismiss defendant's prior strike conviction for rape of an unconscious person.

DISPOSITION

The judgment is affirmed.


                                                      _____MAURO_____ , J.


We concur:


_____RAYE_____ , P. J.


_____BUTZ_____ , J.